# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| ROBERT L. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14-CV-1503 JVB |
| | ) | |
| MARK LEVENHAGEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Robert L. Caldwell, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Caldwell alleges that he is a member of a prison "organization" called the "Dirty White Boyz." He asserts that in October 2013, a "race riot" occurred between members of the Dirty White Boyz and black inmates. On November 29, 2013, Caldwell was moved to a different side of the prison by Lieutenant Creasy (first name unknown). Caldwell asserts that this area of the prison was known to be unfriendly to members of the Dirty White Boys, as black inmates had threatened to "hurt" any member of the gang living in that area. Caldwell claims he told

Lieutenant Creasy he was a member of the Dirty White Boyz and asked to be taken somewhere else in light of the danger. The officer allegedly denied this request and left him on the dorm.

Later that same day, he claims that a group of black inmates "enclosed me around my bed area," and demanded that he leave the dorm "or get hurt." Caldwell reported this to Officer Orr (first name unknown), telling him he had been threatened and requesting protection. The officer allegedly brushed off his concerns, telling Caldwell to "leave him alone and to go to sleep." Caldwell returned to his bunk and was then beaten by the other inmates. After the attack he was moved to protective custody, where he remains to date. In this action he seeks compensatory damages in the amount of $25,000 for injuries he suffered.[1] He sues the two officers referenced above, as well as Mark Levenhagen, the superintendent of the prison.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Nevertheless, as the U.S. Court of Appeals for the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

---

[1] In an attached grievance Caldwell asserts that he suffered a broken hand and was hit in the head with a padlock several times, necessitating stitches. (DE 1-1 at 2.)

Here, taking the plaintiff's allegations as true, he alleges that Lieutenant Creasy and Officer Orr were both personally made aware that he was at risk of being hurt by the other inmates. He further alleges that both officers ignored his concerns and left him in the cell. Thereafter, he was brutally beaten by the other inmates. Giving the plaintiff the inferences to which he is entitled at this stage, he has alleged a plausible deliberate indifference claim against these defendants.

As to Levenhagen, Caldwell alleges generally that he was aware of the racial tension in the prison following the race riot. However, knowledge of the general risk of violence in a correctional facility is insufficient to support a failure to protect claim. *Brown*, 398 F.3d at 913. Caldwell does not allege, nor can it be plausibly inferred, that Levenhagen was personally involved in Caldwell's move to a different cell, or that Caldwell personally advised Levenhagen that he was concerned for his safety. Caldwell may be trying to hold Levenhagen liable because he supervises the other correctional officers involved, but there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Levenhagen can only be held liable for his own misconduct, not for an act or omission of another prison employee. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's.").

Although unclear, Caldwell may be trying to claim that Levenhagen did not do enough to separate members of the different groups. However, a high-ranking official cannot be held liable for failure to protect based solely on an allegation that the prison's classification system was inadequate. *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000). The relevant standard is

deliberate indifference and not negligence. *Id.* Thus, to state a claim, the plaintiff must allege that the official failed to implement an adequate classification system "with the motive of allowing or helping prisoners to injure one another." *Id.* Caldwell's general allegations about Levenhagen fall far short of this standard. Accordingly, he will be dismissed as a defendant.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Lieutenant Creasy and Officer Orr in their individual capacities for monetary damages for failing to protect him from an attack by other inmates in violation of the Eighth Amendment;

(2) **DISMISSES** Mark Levenhagen as a defendant;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on Lieutenant Creasy and Officer Orr pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS** Lieutenant Creasy and Officer Orr to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim on which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on June 5, 2014.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

4